UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRITTANY BRAUER, | CASE NO. 3:24-cv-05986-DGE |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| RON PRENTICE et al., | |
| Defendant. | |

## I    INTRODUCTION

This matter comes before the Court on its own motion. On November 27, 2024, Plaintiff Brittany Brauer filed a complaint against Defendants McNab Shepherd Registry ("MSR"), Ron Prentice, Clark Carlton, and David Procida. (Dkt. No. 1 at 1.) Plaintiff is a dog breeder. The complaint identifies Carlton, Prentice, and Procida as competitors in the McNab Shepherd breeding industry. (*Id*. at 4.) Plaintiff states MSR "is a registry for breeders of McNab Shepherd dogs, and is, upon information and belief, run by Defendants Prentice and Carlton." (*Id*.)

ORDER TO SHOW CAUSE - 1

1    The Complaint alleges that Plaintiff and Procida planned to breed Procida's male stud dog with Plaintiff's female dog. (*Id.* at 5.) The relationship "soured" after the Parties disagreed about whether to publish the dogs' health testing results; Plaintiff wanted to publish them, Procida did not. (*Id.*) Carlton and Prentice then posted on Facebook that Plaintiff "produced unstable dogs due to animal abuse" and told potential buyers that Plaintiff abuses animals. (*Id.* at 5–6.) "As a result of this situation Plaintiff [] has lost reputation, goodwill, and business," Plaintiff states. (*Id.* at 6.) Plaintiff states Defendants "engaged in numerous other instances of false advertising, disparaging remarks, and unfair competition and disseminated false, slanderous, deceptive and misleading statements to customers throughout the market," but provides no facts beyond the statement about the Facebook posts. (*Id.*)

Plaintiff brings four causes of action: violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); defamation; and tortious interference with a business expectancy. (*Id.* at 6–9.) Plaintiff states that this Court has federal question jurisdiction under 28 U.S.C. §§ 1338(a) and 1338(b) because the action arises under the Lanham Act. (*Id.* at 3.) Plaintiff's federal claim states, in full:

> Defendants, as a market competitor of Plaintiff [], engaged in deceptive conduct by disseminating false and misleading representations such as the statements that Plaintiff [] abuses animals. Defendants' conduct caused actual deception because it had a material effect on Plaintiff['s] [] customers and prospective customers' decision to purchase from Plaintiff [] or do business with Plaintiff []. The aforesaid acts by Defendants have been knowing, willful, with reckless disregard for the truth, and without Plaintiff['s] [] prior knowledge or consent."

(*Id.* at 7.)

## II      DISCUSSION

A district court has subject matter jurisdiction over a federal claim unless the claim is clearly "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); *see also Williston Basin Interstate Pipeline Co.*, 524 F.3d 1090, 1094 (9th Cir. 2008). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard have considerable overlap, although a complaint that "falls afoul of the former standard will [not] invariably fall afoul of the later." *Id*. at 326.  District courts have the inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). "When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008).

Here, the allegations in Plaintiff's complaint do not appear to plead a claim arising under federal law.  Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(B), provides a remedy for false or misleading commercial speech:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact, which . . . **in commercial advertising or promotion**, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B) (emphasis added).  For a representation to constitute "commercial advertising or promotion" it must be 1) commercial speech; 2) for the purpose of influencing

consumers to buy the defendant's goods; 3) sufficiently disseminated to the relevant purchasing public to constitute an advertisement or promotion within that industry. *Lona's Lil Eats, LLC v. DoorDash, Inc.*, No. 20-CV-06703-TSH, 2021 WL 151978, *6 (N.D. Cal. Jan. 18, 2021); *Alfasigma USA, Inc. v. First Databank, Inc.,* 398 F. Supp. 3d 578, 590 (N.D. Cal. 2019). Nothing in Plaintiff's complaint indicates that Defendants engaged in commercial speech to influence consumers to buy *Defendants'* goods. As in *Alfasigma,* "[Plaintiff] is alleging that [Defendant] influenced decisions that consumers made to buy [Plaintiff's] goods—not [Defendant's] own goods or services." *Alfasigma,* 398 F. Supp. 3d at 591.

Absent a single fact alleged indicating that Defendant engaged in *commercial speech* for the purpose of influencing consumers to buy *Defendant's* goods that was *sufficiently disseminated* to the public, Plaintiff's complaint appears "immaterial and made solely for the purpose of obtaining jurisdiction" and/or "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Because Plaintiff's Lanham Act claim is the only basis for this Court's subject matter jurisdiction, it appears all claims should be dismissed without prejudice for lack of subject matter jurisdiction.

### III  CONCLUSION

Plaintiff is ORDERED TO SHOW CAUSE why this Complaint should not be dismissed for lack of subject matter jurisdiction. Should Plaintiff fail to demonstrate jurisdiction within fourteen days of this Order, the Complaint will be dismissed without prejudice.

Dated this 9th day of July, 2025.

David G. Estudillo
United States District Judge